IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.:   1:19-cr-72 |
| Plaintiff, | ) | |
| | ) | JUDGE ADAMS |
| v. | ) | |
| | ) | |
| CHARLES GOODE JR. | ) | SENTENCING MEMORANDUM |
| | ) | MOTION FOR PLACEMENT RECOMMENDATION |
| Defendant. | ) | MOTION FOR DRUG PROGRAM |
| | ) | RECOMMENDATION |

Charles Goode had a difficult childhood. Both his parents abused crack cocaine and his father abused heroin when Charles was a child. PSR, ¶49. Charles also received physical abuse from his mother when he was a child. Although Charles reports a good relationship with his siblings, he has no relationship with his father. PSR, ¶ 49.

At age 5, Charles was removed from his parent's custody and placed into foster care. PSR, ¶49.

Charles grew up in lower-class areas where drugs and violence were present. PSR, ¶ 49. At age 13, he was "out in the streets," and he first witnessed a dead body shortly after that time. PSR, ¶ 49.

Charles spent 10 months in juvenile detention at 14 years old and spent six months when he was 16 years old. PSR, ¶ 49.

Charles has never been married and has no children. He resides in Cleveland with his cousin. PSR, ¶ 50.

Charles was shot in his right leg in 2017 and was hospitalized. He was "pistol-whipped" in 2011 and 2017. PSR, ¶51.

In 2008, Charles was diagnosed with schizophrenia and depression. Charles was prescribed medication for his schizophrenia. In 2002, Charles attempted suicide. PSR, ¶ 52. Charles attempted to hang himself when he was in prison. Charles still has suicidal ideations. PSR, ¶ 52.

Professional personnel from Murtis Taylor Human Services, located at 2121 St. Clair Avenue, Cleveland, Ohio, 4144, assessed Charles in 2015 and 2016. Charles was again diagnosed with paranoid schizophrenia. Charles also suffers from anger management problems and hallucinations. PSR, ¶ 53.

Charles has substance abuse problems. PSR, ¶ 54. He began using marijuana at age 13 years old on a daily basis. Since age 14, Charles has been using alcohol and increased his use of alcohol every day since age 25. PSR, ¶ 54. Charles started using cocaine and crack when he was 27. Id. Charles also used heroine, Percocet and ecstasy. Id.

Charles has started drug abuse programs , but has not successfully completed these programs. PSR, ¶55.

Charles agrees that he would benefit from a comprehensive program that would evaluate the seriousness of his addiction that would give him "tools" to combat his addiction.

Charles knows that he is being sent to prison. He truly desires that he can bring his addicton under control and receive treatment for his mental illness. Charles desires to be trained in a skill where he could earn a living after serving his time.

Charles and the undersigned discussed what Charles wanted to do to support himself. We reviewed the programs that the federal government has to train him to earn a living when he is released. Charles appeared relieved when he discovered that he could be trained to do something where he could earn a decent living. He is aware of his prior criminal record and understands that this record will hurt

him when trying to find a job. He was relieved to hear, however, that if properly trained, he could have a skill where he could be employed, in spite of his criminal history.

When Charles was at Core Civic, (formerly CCA), he was well behaved. We were able to talk without agitation. However, when I visited Charles at the County Jail, he told me that he was not administered his medicine. His behavior,during an Attorney-Client visitation, reached the point where he was close to being out of control. Much of the consultation was calming Charles down so we could discuss legal matters.

Medical records from Murtis Taylor Human Services on August 24, 2015, showed that Charles wanted to work but he was concerned that employment would affect his benefits. Charles has a desire to be a productive member of society, but his training is limited to food management and production. (working at fast food restaurants). Charles is torn because he believes if he tries to better himself, he will lose his benefits.

Charles feels trapped. He wants to work but if he works at menial jobs, he may not be able to receive disability benefits, including mental health care.

Proper and competent training and proper medication may turn Charles Goode into a productive citizen. Proper training will help him obtain a well paying job in one of the trades.

After reviewing the trades that are taught in federal prison, Charles moves that this Court recommend a placement so he can receive training in welding. The Defendant, Charles Goode, Jr. is aware that the Court's recommendation is not a guarantee that the Bureau of Prisons would train him in welding. However, Charles is aware that the Bureau of Prisons will seriously consider a recommendation from a United States District Court Judge. The Defendant, Charles Goode, is aware that once he arrives at

the Bureau of Prisons facility, Charles must apply to be trained in a skill that is taught in the Bureau of Prisons. Charles is aware that he must earn a position in the area he wants to be trained.

The Defendant, Charles Goode Jr. moves this Court to recommend placement at a Bureau of Prison facility that has training for welding.

Charles suffers from addiction. The lack of parental supervision at a very young age and the abuse of drugs and alcohol starting at a very young age are factors that caused charles' drug addiction. Had someone helped Charles at this young age, we would probably not be here.

This defendant needs the 500 hour drug program. After being properly medicated, he needs the "tools" given to those who attend and complete this drug programs. With these tools, Charles has a chance to control his addiction.

Based upon the above facts, the Defendant Charles Goode moves this Court to recommend the 500 hour drug program. Charles is aware that this is only a recommendation, but is aware that the recommendation comes from a United States District Court Judge. Charles is willing to do what he must do to get into this program and complete this program.

Parental drug abuse, being placed in foster care at a very early age (age 5),  being introduced to drugs at the age of 13, running the streets and seeing his first dead body in his early teens is a path of life no one should be forced to take. Charles did not choose the absence of parental supervision and parental drug abuse when he was an adolescent. Charles did not have proper parental supervision when he was introduced to marijuana when he was 13. Charles did not choose to be separated from his parents and put in a foster home at age 5. He had no parental help to teach him the difference between right from wrong.

From an early age, Charles was stricken with a mental condition. Charles did not ask for this mental condition.

"The probation officer has identified the following as potential grounds for a variance from the applicable guideline provisions: History and characteristics of the defendant. The defendant has a long history of documented mental health problems." PSR, ¶ 87.

The Defendant moves for a variance. The defense suggests a variance from the low end of the guideline range.

Charles would be punished. During the time he is being punished, he would have the time to complete his training for welding. In addition, Charles would also have enough time to be admitted into and complete the 500hour drug program.

## Summary

The Defendant, Charles Goode, moves this Court for the following:

1. That this Court recommend that he be placed in one of the institutions that has a welding program. (A list of institutions that offer welding is attached hereto as exhibit A).

2. That the Court recommends he be accepted in the drug program. The Defendant knows he must apply and that it is a recommendation only; and

3. That the Court vary downward.

Respectfully submitted,

_/s/Joseph W. Gardner_
JOSEPH W. GARDNER #0033400
19 E Front St.
Youngstown, OH 44503
Phone:  (330) 533-1118

Fax:     (330) 743-6323<br>
JWG1118@gmail.com<br>
Attorney for Defendant

**CERTIFICATION**

  I hereby certify that on July 24, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular US mail.  Parties may access this filing through the Court's system.

<u>  /s/Joseph W. Gardner  </u><br>
JOSEPH W. GARDNER #0033400<br>
Attorney for Defendant